1·25-CV·435

**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**JASON R. TODD,**
*Plaintiff,*

v.

**DERRY TOWNSHIP, in its official capacity;**
**SELECTIVE INSURANCE COMPANY, in its corporate capacity;**
**NATALIE NUTT, in her official and individual capacities;**
**CARTER WYCKOFF, in her official and individual capacities;**
**MICHAEL CORADO, in his official and individual capacities;**
**DOMINIC GIOVANNIELLO, in his official and individual capacities;**
**RICHARD ZMUDA, in his official and individual capacities;**
**ZACHARY JACKSON, in his official and individual capacities;**
**GARTH WARNER, in his official and individual capacities;**
**DENNIS SHEARER, in his official and individual capacities;**
**PATRICK K. ARMSTRONG, in his official and individual capacities;**
**JOHN J. MARCHIONI, in his official and individual capacities;**
**MICHAEL H. LANZA, in his official and individual capacities;**
**DAVID SWARTZ, in his official and individual capacities;**

*Defendants.*

FILED
HARRISBURG, PA

MAR 1 0 2025

PER _____
DEPUTY CLERK

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1. Plaintiff, **Jason R. Todd**, brings this action seeking **injunctive relief and damages** due to Defendants' **violations of federal law, civil rights,**

insurance obligations, obstruction of justice, and fraudulent intimidation tactics designed to suppress Plaintiff's case.

2. Defendants engaged in **intentional misconduct**, including:

   ○ **Suppression of evidence** related to Plaintiff's assault.

   ○ **Obstruction of justice** by failing to notify the DA's office and withholding key evidence.

   ○ **Bad-faith insurance denial and fraudulent intimidation** through certified mail communications.

   ○ **Unconstitutional retaliation** against Plaintiff for exercising his First Amendment rights.

3. This case integrates **proven legal strategies from landmark civil rights and RICO litigation**, including:

   ○ **Pigford v. Glickman** (systemic discrimination documentation)

   ○ **Davis et al. v. The St. Louis Housing Authority** (class-action discrimination framework)

   ○ **Orantes-Hernandez injunction** (unconstitutional policy challenges)

   ○ **Browder v. Gayle** (public policy changes following constitutional violations)

---

## II. JURISDICTION AND VENUE

4. This Court has **jurisdiction** under **28 U.S.C. §§ 1331 and 1343** for federal

   claims and **28 U.S.C. § 1367** for related state law claims.

5. **Venue is proper** in the **Middle District of Pennsylvania** under **28 U.S.C. §**

   **1391(b)** because the events occurred within this jurisdiction.

---

## III. FACTUAL ALLEGATIONS (CHRONOLOGICAL ORDER)

**Incident 1: Assault & Suppression of Evidence (September - October 2024)**

- **September 26, 2024** – Plaintiff was violently assaulted by **William**

  **Shoemaker**.

- **October 7, 2024 – Elizabeth Todd (Plaintiff's spouse) submitted medical**

  **records confirming Plaintiff's Traumatic Brain Injury (TBI) diagnosis**

  **to Derry Township Police.** Despite this, no felony charges were pursued.

- **October 10, 2024 – Shoemaker pled guilty to summary harassment.**

  **Derry Township failed to submit evidence to the DA's office, resulting in**

  **improper charge classification.**

---

**Incident 2: Plaintiff's Efforts to Seek Justice & Evidence Suppression (December 2024)**

- **December 1, 2024 – Plaintiff submitted (received by Derry Township Police Officer in the Derry Township Police Department) medical records and testimony to Victim Advocate Amber Mann**, notifying her of the **negligence of Derry Township Police**.

- **December 6, 2024 – Plaintiff contacted DA Fran Chardo** to check the status of the case. **DA Chardo stated that his office never received any evidence from Derry Township about the assault.**  Chardo informed Plaintiff that **Shoemaker pleaded guilty to harassment on 10 October** and the DA most likely would not be able to reopen the case.

- **December 12, 2024 – Plaintiff contacted Victim Advocate Amber Mann, who confirmed she never received any documents or notifications about the case.**

- **Plaintiff submitted multiple Right-to-Know Law (RTKL) requests**, all of which were **denied by Derry Township**, proving **deliberate suppression of evidence**.

---

**Incident 3: Insurance Fraud & Intimidation (December 2024 - January 2025)**

- **December 16, 2024** – **David Swartz verbally harassed and victim blamed Plaintiff, stating, "You're a military man. Military men like to fight," in an effort to intimidate Plaintiff based on his veteran status.**

- **December 16, 2024** – Plaintiff **called Selective Insurance customer service to file a formal complaint**. Selective Insurance **ignored the complaint and took no action**.

- **December 16, 2024** – **Swartz sent fraudulent certified mail** attempting to **intimidate Plaintiff into abandoning legal action**, violating **mail fraud statutes (18 U.S.C. § 1341)** and **bad-faith insurance laws (42 Pa. C.S. § 8371).**

- **December 17, 2024** – **Plaintiff was taken to the hospital for emergency intervention** at the Lebanon Veterans Medical Center **due to severe PTSD and psychological distress caused by harassment and intimidation from Defendants.**

---

**Incident 4: Retaliation & First Amendment Violations (January - February 2025)**

- **Armstrong sent a cease-and-desist letter via certified mail and regular mail, containing false and misleading legal claims, attempting to suppress Plaintiff's free speech and right to legal action.**

- **The letter was an unconstitutional act of retaliation and obstruction of justice, violating Plaintiff's First Amendment rights.**

---

## IV. LEGAL CLAIMS

### COUNT I – RICO VIOLATIONS (18 U.S.C. § 1962)

26. **Defendants engaged in fraud, obstruction of justice, and conspiracy to suppress legal claims, constituting a pattern of racketeering activity under RICO.**

### COUNT II – MAIL FRAUD (18 U.S.C. § 1341)

27. **Swartz and Armstrong knowingly sent fraudulent certified mail to obstruct Plaintiff's lawsuit and intimidate him, violating federal mail fraud laws.**

## COUNT III – FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

28. **Armstrong's cease-and-desist letter was an unconstitutional attempt to silence Plaintiff's criticisms of public officials and corporate misconduct.**

29. **Plaintiff's** formal request to have his letter, **outlining the violations committed by Derry Township,** included in the official minutes and read at the February **Derry Township Board Meeting was denied.**

## COUNT IV – CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)

30. **Derry Township officials deprived Plaintiff of due process and equal protection under the Fourteenth Amendment by failing to investigate his assault.**

## COUNT V – OBSTRUCTION OF JUSTICE (18 U.S.C. § 1512)

31. **Derry Township, Swartz, and Armstrong actively withheld evidence, sent fraudulent legal threats, and obstructed justice through intimidation tactics.**

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

32. **Defendants' harassment, suppression of evidence, and intimidation tactics caused severe PTSD, mental distress, and financial hardship.**

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

A. **Issue a permanent injunction** ordering Defendants to:

- **Release all suppressed police reports, insurance claim documents, and internal records.**

- **Implement ADA and First Amendment compliance measures.**

B. **Declare that Defendants violated Plaintiff's constitutional rights, RICO laws, and ADA protections.**

C. **Grant any additional relief this Court deems necessary.**

## VI. JURY DEMAND

33. **Plaintiff demands a trial by jury** on all issues so triable.

**DATED:** March 10, 2025

**Respectfully submitted,**

**Jason R. Todd**
223 Pineview Drive
Palmyra, PA 17078
Phone: (910) 818-1345
Email: toddjason223@gmail.com

*Pro Se Plaintiff*