IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON R. TODD, | No. 1:25-CV-00435 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DERRY TOWNSHIP, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

JULY 1, 2025

## I.    THE REPORT AND RECOMMENDATION

Plaintiff Jason R. Todd initiated this action on March 10, 2025, and it was eventually jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

On June 2, 2025, Chief Magistrate Judge Daryl F. Bloom, to whom this matter is jointly assigned, issued a thorough report and recommendation recommending that the Amended Complaint be dismissed and that Plaintiff's outstanding motions for miscellaneous relief filed before the issuance of the report

---

[1] 28 U.S.C. 636(b)(1)(B).
[2] 28 U.S.C. 636(b)(1).

and recommendation be denied as well. Since the release of Judge Bloom's report and recommendation, Todd has filed an additional six motions for miscellaneous relief.

Plaintiff also filed objections to the report and recommendation on June 3, 2025. "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[3] Portions of a report and recommendation to which no objections are filed are reviewed only for clear error.[4] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[5] Because the Court writes solely for the parties, it will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. The Court has conducted a de novo review of the report and recommendation and Todd's written objections and found no error. The Court will adopt the report and recommendation in full, and Plaintiff's Amended Complaint is dismissed with prejudice.

---

[3] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[4] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed). *See Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (noting that district courts need not conduct *de novo* review of portions of recommendation to which no party files specific objections).
[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

## II.     Plaintiff's Additional Filings

Plaintiff also has several unresolved motions pending before the Court at this time. I address each motion in turn.

### A.     Requests for Relief Under Federal Rule of Civil Procedure 60

Plaintiff's Motion for Relief under Federal Rule of Civil Procedure 60(b)(6)[6] is premature as the report and recommendation is not a final judgment or order. More significantly, this motion is meritless. Judge Bloom has issued a thorough and well-reasoned report and recommendation which this Court will adopt.[7] In his motion, Todd has failed to identify any circumstances that justify relief under Rule 60.[8]

The portion of Todd's Motion to Vacate Judgment, Recuse All Assigned Judges, and Reassign Case seeking relief under Rule 60 is denied for the reasons stated above.[9] Further, the aspects of this motion alleging judicial bias and seeking to compel recusal are completely baseless.[10]

---

[6] Motion Under Federal Rule of Civil Procedure 60, Doc. 425.
[7] I further note that Judge Schwab had issued a similarly thorough analysis identifying the deficiencies in the operative complaint before this matter was reassigned. May 16, 2025 Ord., Doc. 285.
[8] Given this conclusion, Todd's Motion to Stay Proceedings Pending Review of Rule 60(b)(6) Motion is moot. Motion to Stay Proceedings, Doc. 426. When reaching this determination, the Court notes that this Motion to Stay Proceedings also refers to judicial misconduct filings. *Id.* Judge Bloom's report and recommendation adequately discusses these filings and properly recommends their dismissal.
[9] Motion to Vacate Judgment, Doc. 440.
[10] *See Zied-Campbell v. Richman*, 428 F. App'x 224, 227 (3d Cir. 2011) ("judicial rulings alone are insufficient to warrant recusal.") and *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("a party's displeasure with legal rulings does not form an

### B. Motions for Entry of Judgment

Also pending before the Court are two Motions for Default under Federal Rule of Civil Procedure 55.[11] Not only has Todd failed to follow the proper procedures when moving for default judgment, but he ignores a critical issue: the Court must evaluate the adequacy of the pleadings to determine if the "unchallenged facts constitute a legitimate cause of action."[12] As exemplified by Judge Bloom's well-reasoned analysis, that is not so. Plaintiff's Motion to Enter Final Judgment *Nunc Pro Tunc* similarly lacks merit.[13] Consequently, these three motions are denied.

### C. Federal Tort Claims Act

Although Todd does not assert a Federal Tort Claims Act ("FTCA") claim in the operative complaint, he seemingly believes he has such a claim pending before the Court. It appears this belief is tied to his docketing of Standard Form 95 ("SF-95") on June 2, 2025.[14] In that document, Plaintiff asserts that the judges of this Court have caused him injury and indicated that he has mailed this form to the United

---

adequate basis for recusal."). *See also Wharton v. Superintendent Graterford SCI*, 95 F.4th 113 (3d Cir. 2024).

[11] June 12, 2025 Motion for Default Judgment, Doc. 438; June 16, 2025 Motion for Default Judgment, Doc. 442.

[12] *Broad. Music, Inc. v. Spring Mt. Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008).

[13] Motion for Judgment, Doc. 445. "Generally, *nunc pro tunc* orders are used to correct the judicial record of clerical errors to more clearly reflect the intention of [the] court." *Cummings v. McGinley*, No. 1:23-CV-937, 2023 WL 8935060 (M.D. Pa. Dec. 27, 2023) (collecting cases). The Court notes that Plaintiff seemingly also requests immigration relief for several individuals in the attachments to this motion; this request extends well beyond the relief this Court would be able to supply if this case had merit.

[14] SF-95, Doc. 422.

States Department of Justice. As is the case with the other motions before the Court, his purported FTCA claim is completely meritless.[15]

## III. CONCLUSION

Finally, the Court echoes Judge Bloom's observations regarding this case. Any complaints of judicial misconduct and ethical violations are entirely baseless. The judges of this Court have expended significant effort to impartially address the multitude of Plaintiff's filings. These well-reasoned opinions repeatedly concluded that the operative complaint fails to state a claim. This determination reflects the inadequacy of Plaintiff's filings, not a concerted effort by the judiciary to silence him. Should Todd continue to disagree with this Court's analysis, he is welcome to appeal this decision to the United States Court of Appeals for the Third Circuit.

In accordance with the above, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Daryl F. Bloom's Report and Recommendation (Doc. 423) is **ADOPTED** in full;

    a. Plaintiff Jason R. Todd's Amended Complaint (Doc. 278) is **DISMISSED WITH PREJUDICE**; and

---

[15] *See e.g.*, *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."). Even if Todd chose to instead pursue an action under Title 42, United States Code, Section 1983, his claim would have no merit due to judicial immunity. *See also Podlucky v. United States*, 2:23-CV-01899, 2024 WL 553966 (W.D. Pa. Jan. 12, 2024) (collecting cases).

      b.      The following motions for miscellaneous relief are **DENIED**: Docs. 287, 298, 304, 308, 310, 323, 330, 349, 351, 356, 359, 362, 365, 369, 383, 386, 397, 404, 406, 408, 415, 418, 419, 420, and 421; and

2. The following motions are also **DENIED**: Docs. 425, 426, 438, 440, 442, and 445.

                                          BY THE COURT:

                                          *s/ Matthew W. Brann*
                                          Matthew W. Brann
                                          Chief United States District Judge